RECEIVED

JUN 12 2019

DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE 6TH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

*JANE DOE,*

Plaintiff – Appellant                    Case 19-1566

**FOR EXPEDITED CONSIDERATION**

v.

*BEN CARSON,* as Executive Director, U.S. Department of Housing and Urban Development; *EARL POLESKI,* as Executive Director, Michigan State Housing Development Authority; *UNITED STATES OF AMERICA*

Defendants – Appellees


## MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Regarding the case which had been pending in District Court, Case No. 1:18-cv-01231; on May 29, 2019 the District Court Judge filed ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL (Attachment 1). Doe appeals that determination herein. The request to expedite is because the availability of scarce funds affects Doe's ability to buy food and also to attend her daughter's out-of-state wedding.

The District Court also dismissed Doe's case on May 30, 2019. (ORDER OF DISMISSAL, Attachment 2) with full knowledge Doe had filed a MOTION TO STAY with the Sixth Circuit Court to suspend actions in the District Court. Doe erred in initially sending the Motion to Stay to the District Court. (*See* ORDER REJECTING PLEADING, dated May 20,

1

2019, signed by Magistrate at Attachment 3). Plaintiff-Appellant thinks the dismissal may render the MOTION TO STAY filed in the Appeals Court May 28, 2019 moot. Doe is amending her pending appeal to include the ORDER OF DISMISSAL.

The order of May 29, 2019 denying *in forma pauperis* states that Doe may continue *in forma pauperis* unless the Court certifies that her appeal is not taken in good faith. "Good faith is judged objectively" *Coppedge v. United States*, 369 U.S. 438, 445 (1961). The District Court Judge states "an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or in law." (*citing to* Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001). "Detailed reasons for denial of Plaintiff's motion were provided in the Report and Recommendation adopted by the Court. The Court reaffirms its decision and finds that the issues on which Plaintiff might seek review are frivolous. The Court, therefore, certifies that the appeal is not taken in good faith." citing to 28 U.S.C. 1915(a)(3).

According to Black's Law Dictionary, Abridged Sixth Edition, "Good faith is an intangible and abstract quality with no technical meaning or statutory definition, and it encompasses, among other things, an honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage..."

The case cited by the District Court, *Coppedge v. United States*, 369 U.S. 438, 445 (1961) states, " ...we note that if *in forma pauperis* litigation is attempted for reasons that may

2

genuinely be characterized as the litigant's 'bad faith', express authority exists in 28 U.S.C. 1915 (d) [re-lettered as (e)] for dismissal of the cause as frivolous." Black's Law Dictionary Abridged Sixth Edition defines "bad faith" as "...generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." "...'bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity...it contemplates a state of mind affirmatively operating with furtive design or ill will."

Again in Black's Law Dictionary, Abridged Sixth Edition, "Frivolous. Of little weight or importance. A pleading on its face is 'frivolous' when it is clearly insufficient on its face, and does not controvert the material points of the opposite pleading, and is presumably interposed for mere purposes of delay or to embarrass the opponent." "Frivolous appeal. One in which no justiciable question has been presented and appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed."

In the Brief within RETAINING ANONYMITY: MOTION AND BRIEF, filed December 7, 2018, Plaintiff-Appellant spends over five pages, beginning on page 5 therein, reviewing how the Sixth Circuit analyzed matters of anonymity in *Signature Mgmt. Team LLC v. John Doe*, 876 F.3d 831 (6th Cir. 2017), and described how that analysis would potentially be relevant to Plaintiff-Appellant's appeal regarding anonymity.

Plaintiff-Appellant spent two pages in the same brief beginning on page 9 discussing a case, *Doe v. Sessions*, Civil Action No. 18-0004 (RC), from the District Court in the District of Columbia, decided September 27, 2018. (Attachment 4). This case was specifically on point in terms of granting permission to John Doe to retain anonymity in a case filed under the Constitution and The Rehabilitation Act [of 1973, the foundational legislation for the Americans with Disabilities Act] due to discrimination and failure to receive accommodations for his mental illness. Plaintiff-Appellant's case is also brought due to discrimination and failure to provide accommodations under the ADA for reasons of mental illness in her case in the HUD Housing Voucher Program ('Section 8').

Neither the Recommendation of the Magistrate, or the Opinion of the Judge in response to Plaintiff-Appellant's Anonymity motion make mention of the *Signature* case or the *Doe v. Sessions* case. The Magistrate states, "While Plaintiff repeatedly asserts the conclusion her free speech rights will be chilled if she is required to pursue this action openly, she fails to persuade the Court that pursuit of her claims will compel Plaintiff to reveal information 'of the utmost intimacy'." Plaintiff-Appellant references free speech as a component in the *Signature* case. One time Plaintiff-Appellant likens the fact that Jane Doe in this case pursuing the right to Government redress protected in the First Amendment is similar to how John Doe's ability to have free speech supported in the First Amendment is impaired. Plaintiff-Appellant has not located where she asserts one time, let alone "repeatedly" that her free speech rights will be chilled.

4

Plaintiff-Appellant does not see how her discussion of cases different than the Magistrate renders her appeal frivolous and in bad faith. Is it bad morality if Plaintiff-Appellant prefers different reasoning than the District Court? The cases relied on by Plaintiff-Appellant are not out in left field that an assertion of bad faith is warranted. What the District Court cites as the 'reason' for the assessment of bad faith is a mere disagreement on how to weigh factors in different cases to determine the preferred outcome. Doe is unable to see what is "objective" about the lack of good faith assessment made by the District Court.

Plaintiff-Appellant deserves to have the discriminatory actions discussed in the original suit filed in the District Court resolved on their merits and proper accommodations given for her disability. Plaintiff-Appellant requests that the Court of Appeals approve her ability to continue her case *in forma pauperis*. Not permitting Doe to continue because she can't afford the filing fee risks depriving Doe of the ability to redress her claim. Original affidavit of proceeding in District Court without fees is at Attachment 5.

Respectfully submitted,

Jane Doe, Pro Se
P.O. Box 230721
Grand Rapids, MI 49523
(239) 537-5966

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2019, via Priority Mail, I sent the foregoing motion to:

United States Court of Appeals
for the Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, Ohio  45202-3988

And mailed the same via first class mail to:

Erik A. Graney
Attorney for Defendant Poleski
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI  48909
(517) 373-1162

And also sent the same via first class mail to:

Jeanne Frances Long
Assistant United States Attorney
United States Attorney's Office
Attorney for Ben Carson and United States
330 Ionia Avenue, N.W., Suite 501
P.O. Box 208
Grand Rapids, MI 49503
(616) 456-2404

Jane Doe, Pro Se
PO Box 230721
Grand Rapids, MI  49523
239.537.5966

Case: 19-1566   Document: 11-4   Filed: 06/12/2019   Page: 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JANE DOE,

     Plaintiff,

v.                                                              Hon. Janet T. Neff

BEN CARSON, et al.,                              Case No. 1:18-cv-01231

     Defendants.

_____/

## ORDER DENYING LEAVE TO PROCEED
## IN FORMA PAUPERIS ON APPEAL

     This is a civil action brought under 42 U.S.C. § 12101.  On May 3, 2019, the Court entered an opinion and order denying Plaintiff's Motion to Retain Anonymity and ordering her to amend her complaint to identify herself by her legal name within 21 days (ECF No. 27).  Plaintiff now has filed a notice of interlocutory appeal (ECF No. 28).

     Plaintiff was permitted to proceed before this Court *in forma pauperis*. Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, she may continue that status on appeal unless this Court certifies that her appeal is not taken in good faith. Good faith is judged objectively,  Coppedge v. United States, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law.  See Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001). Detailed reasons for denial of Plaintiff's motion were provided in the report and recommendation adopted by the Court.  (Report and Recommendation, ECF No. 21)  The Court reaffirms its decision and finds that the issues on which Plaintiff might seek review are frivolous. The Court, therefore, certifies that the appeal is not taken

*A Hoch* (

Case: 19-1566    Document: 11-1    Filed: 06/12/2019    Page: 8

in good faith. Under federal law, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

IT IS ORDERED that Plaintiff is denied leave to proceed *in forma pauperis* on appeal.    If Plaintiff wishes to proceed with her appeal, she must pay the $505.00 appellate fee to the Clerk of this Court within 28 days of this order.    See 28 U.S.C. §§ 1913, 1917; 6 Cir. I.O.P. 3; Court of Appeals Miscellaneous Fee Schedule § 1 (Dec. 1, 2013).    Alternatively, Plaintiff may file a motion for leave to proceed *in forma pauperis* in the Court of Appeals pursuant to the requirement set forth in Fed. R. App. P. 24(a)(5).

IT IS SO ORDERED.

Date:  May 29, 2019                                          /s/_Janet T. Neff_____
                                                                     Janet T. Neff
                                                                     United States District Judge

Case: 19-1566   Document: 11-4   Filed: 06/12/2019   Page: 9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

                              Case No. 1:18-cv-1231

v.

                              HON. JANET T. NEFF

BEN CARSON, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiff, proceeding pro se, initiated this action on November 2, 2018.  On May 3, 2019, this Court denied Plaintiff's motion to retain anonymity and directed Plaintiff to amend her Complaint to identify herself by her legal name within twenty-one (21) days (Op. & Order, ECF No. 27).  *See* FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties[.]").  Consistent with the Magistrate Judge's earlier admonition (Report & Recommendation, ECF No. 20 at PageID.105, 107), this Court also warned Plaintiff that failure to do so would result in dismissal of this action for lack of jurisdiction (Op. & Order, ECF No. 27 at PageID.123).  *See Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) ("[T]he federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.") (citation omitted).

On May 17, 2019, Plaintiff filed a Notice of Interlocutory Appeal (ECF No. 28), which remains pending in the Sixth Circuit.  *See* USCA Case No. 19-1566.  To the extent Plaintiff's May 17, 2019 interlocutory appeal can also be properly construed as an untimely appeal to this Court

*Attach. 2*

Case: 19-1566   Document: 11-1   Filed: 06/12/2019   Page: 10

from the Magistrate Judge's January 4, 2019 order denying her motion to amend her complaint and for appointment of counsel, such appeal is denied. The Magistrate Judge denied Plaintiff's motion for leave to file an amended complaint because Plaintiff failed to submit a complete proposed amended complaint for the Court's review (ECF No. 19 at PageID.103). The Magistrate Judge denied Plaintiff's request for appointment of counsel because, at this juncture, the factors warranting such appointment are absent (*id.* at PageID.104). The Magistrate Judge's decision was neither clearly erroneous nor contrary to law but a proper exercise of her discretion. *See* 28 U.S.C. § 636(b)(1)(A) (describing standard of review); *see also* FED. R. CIV. P. 72(a); W.D. Mich. LCivR 72.3(a).

More than twenty-one days have passed since this Court's May 3, 2019 Opinion and Order, and no compliance with FED. R. CIV. P. 10(a) has been had. Therefore, the Court will dismiss this action for lack of jurisdiction.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's appeal to District Judge (ECF No. 28) is DENIED.

**IT IS FURTHER ORDERED** that this action is DISMISSED for lack of jurisdiction.

This Order resolves all pending claims and is a final Order.


Dated: May 30, 2019                                    /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge


Certified as a True Copy
By _____
      Deputy Clerk
   U.S. District Court
Western Dist. of Michigan
Date _____ 5/31/19 _____

2

Case: 19-1566   Document: 11-1   Filed: 06/12/2019   Page: 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JANE DOE,

      Plaintiff,                 Case No. 1:18–cv–1231

   v.                        Hon. Janet T. Neff

BEN CARSON, et al.,

      Defendants.

_____/


### ORDER REJECTING PLEADING


      The Court has examined the following document(s) received May 17, 2019 and orders the Clerk to reject the Motion For Stay of Proceedings and return the document(s) to Jane Doe for the reason(s) noted below:

      Jane Doe is attempting to file documents with this Court, although it appears the original documents were submitted to the United States Court of Appeals for the Sixth Circuit. Unless ordered to do so, copies of documents filed with the Court of Appeals should not be filed with this court.

      IT IS SO ORDERED.


Dated:   May 20, 2019                /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 U.S. Magistrate Judge

Attach 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN DOE,        :
            :
  Plaintiff,      :    Civil Action No.:   18-0004 (RC)
            :
  v.         :    Re Document No.:   2
            :
JEFFERSON B. SESSIONS, *et al*.   :
            :
  Defendant.     :

## MEMORANDUM OPINION

### GRANTING PLAINTIFF'S MOTION TO FILE UNDER A PSEUDONYM

## I. INTRODUCTION

The Plaintiff in this action—who alleges, among other claims, that he was discriminated against by the Federal Bureau of Investigation (the "FBI") based on his mental disability—has moved to proceed under a pseudonym. He asserts that public association of his name with this action would subject him to "severe emotional trauma" resulting from the disclosure of a sensitive diagnosis that he has kept confidential for decades. For the reasons set forth below, this Court grants Plaintiff's motion.

## II. FACTUAL BACKGROUND

Plaintiff, who suffers from Asperger's Syndrome, Acute Stress Disorder, Panic Disorder, post-traumatic stress disorder ("PTSD"), and anxiety, asserts a variety of claims against the United States Attorney General and three FBI employees ("Defendants") arising from his FBI employment and termination. Compl. ¶ 5. Plaintiff was employed by the FBI for approximately twenty-five years as a Personal Security Specialist responsible for processing visitor access requests for access to FBI facilities. *Id*. ¶¶ 11–12. He alleges that from early- to mid-2015, he

*A Huch. 4*

participated in meetings and department exercises in which he was at various points ridiculed, threatened, and falsely accused of violating FBI procedures. *Id.* ¶¶ 14–19. This alleged harassment caused Plaintiff to experience panic attacks and other conditions which required him to take multiple sick leaves throughout the summer and fall of 2015. *Id.* ¶¶ 20, 25. When Plaintiff returned from his leaves, he alleges that his supervisors "singled him out," constructively demoted him, withheld access to necessary training, and continued to harass and publicly humiliate him, causing additional mental trauma. *Id.* ¶¶ 20–41. Finally, Plaintiff alleges that when he sought reasonable accommodations for his mental conditions, the FBI's Reasonable Accommodation Program Coordinator unnecessarily disclosed Plaintiff's confidential medical documentation—including his Asperger's diagnosis—to his supervisors. *Id.* ¶¶ 44–46. According to Plaintiff, the FBI failed to provide him with reasonable accommodations and ultimately terminated him because of his disabilities. *Id.* ¶¶ 71–83.

Having exhausted his administrative remedies, Plaintiff commenced the present action in the United States District Court for the District of Maryland, alleging a hostile work environment, denial of reasonable accommodations for his disabilities, discriminatory termination, and breach of confidentiality through disclosure of his medical information. *See generally id.* He argues that these actions violated the Rehabilitation Act and his constitutional rights, and he seeks declaratory relief, injunctive relief, and damages. *Id.* ¶ 1; *id.* at 26–27.

On the same date that Plaintiff filed the complaint he filed a motion to proceed under a pseudonym, citing his "severe mental trauma," his "right to confidentiality of medical information," and his "sensitive position with the FBI that required security clearance." Pl.'s Mot. to File under a Pseudonym ("Pl.'s Mot."), ECF No. 2. Defendants never responded to

Plaintiff's motion, and Plaintiff has filed several documents under the pseudonym during the past

three years of this litigation without protest from Defendants.

On January 1, 2018, the case was transferred from the District of Maryland to this Court.

Upon prompting from this Court, and despite previously failing to object to Plaintiff's

pseudonymous filings, Defendants opposed Plaintiff's motion to proceed under a pseudonym.

Accordingly, that motion is now ripe and, for the reasons stated below, the Court will grant it.

### III.  LEGAL STANDARD

Generally, a complaint in federal court must state the names of the parties.  Fed. R. Civ.

P. 10(a) ("The title of the complaint must name all the parties"); LCvR 5.1(c)(1) ("The first filing

by or on behalf of a party shall have in the caption the name and full residence address of the

party," and "[f]ailure to provide the address information within 30 days of filing may result in

the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR

5.1(c)(1)).  The public's interest "in knowing the names of . . . litigants" is crucial because

"disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub.*

*Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.* 435 U.S.

589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy

public records and documents, including judicial records and documents.").  Nevertheless, courts

have, in special circumstances, permitted a party to "proceed anonymously" when a court

determines that "the impact of the plaintiff's anonymity" outweighs "the public interest in open

proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*

("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

In the past, when balancing these two general factors, two different but analogous tests

have applied in this circuit to sealed and anonymous filings.  The first test consists of the six

factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980), governing sealed filing:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of the objecting party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177, 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). The second test consists of five factors drawn from *Chao*, governing anonymous filing:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, No. 15-1380, 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015) (citing *Chao*, 587 F. Supp. 2d at 99 (footnotes omitted)). *Accord Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). No single factor is necessarily determinative.

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016). Specifically, these concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320-21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the court determined that:

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether that non-speculative privacy interests that the

4

movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants.

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, provided the court has "inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit requires courts to "take into account the risk of unfairness to the opposing party . . . as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (citations and internal quotation marks omitted).

## IV. ANALYSIS

Applying the principles laid out above, the Court must determine whether Plaintiff's mental conditions and "sensitive position with the FBI" overcome the public's and Defendants' interests in full transparency. The Court concludes that Plaintiff's mental conditions alone justify pseudonymous filing here, and it therefore declines to address Plaintiff's arguments regarding his position with the FBI.

The parties dispute the sensitivity of Plaintiff's mental conditions and the potential consequences of Plaintiff's public association with those conditions. Plaintiff contends "that the disclosure of his medical records [to his supervisors by an FBI employee] resulted in severe emotional trauma" and that if "Plaintiff were required to disclose his name in the instant lawsuit,

Plaintiff will once again be traumatized by the knowledge that this information will remain forever public." Pl.'s Mot. 1–2. Defendants, on the other hand, contend that Plaintiff is no different than the plaintiffs "in employment discrimination cases [who] routinely disclose their names in pleadings." Defs. Opp'n Pl.'s Mot. ("Defs. Opp'n") at 3, ECF No. 22 (citing *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96–97 (D.D.C. 2015)). Defendants further assert that "Plaintiff provides no specifics concerning how he believes [his mental health] could potentially be impacted if he proceeded with this lawsuit in the usual and customary manner used by countless plaintiffs in cases just like this," and thus that "what Plaintiff alleges is nothing more than potential embarrassment." *Id.* at 4. Plaintiff has the better of this dispute.

While Defendants are correct that "[m]ere 'embarrassment and harassment' is 'insufficient to demonstrate' the sort of 'retaliatory harm' necessary" to justify pseudonymous filing, *J.W. v. District of Columbia*, 318 F.R.D. 196, 200 (D.D.C. 2016) (quoting *Yacovelli v. Moeser*, No. 02-0596, 2004 WL 1144183, at *7 (M.D.N.C. May 20, 2004)), "[c]ourts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage . . . [is] anticipated if a party's identity is disclosed." *Id.* at 200 (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1318 (11th Cir. 2011); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). Similarly, pseudonymous filing may be appropriate where "anonymity is necessary 'to preserve privacy in a matter of [a] sensitive and highly personal nature.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

This case involves both a sensitive, highly personal matter and the risk of mental harm should Plaintiff's identity be disclosed. Plaintiff alleges that Defendants humiliated him, harassed him, and ultimately discriminated against him because of his Asperger's Syndrome and

other sensitive mental conditions. *See generally* Compl. His claims rely, in part, on his contention that an FBI employee improperly disclosed his Asperger's diagnosis to his supervisors, causing "severe emotional trauma," including depression and panic attacks. *Id.* ¶ 115; Pls. Mot. at 1. Plaintiff contends that public identification here will cause him to "once again be traumatized by the knowledge that his information will remain forever public. *Id.* at 2. "Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."[1] *Cabrera*, 307 F.R.D. at 7 (granting the plaintiff rape victim's motion for pseudonymous filing because public disclosure could subject the plaintiff to "psychological trauma"); *see also J.W.*, 318 F.R.D. at 202 (granting minor plaintiff's motion to proceed anonymously to "protect[] [the plaintiff's] identity and avoid[] unnecessary publicity concerning his [autism diagnosis]").

Moreover, courts in other jurisdictions have found a "substantial public interest" in "preventing the stigmatization of litigants with mental illnesses" weighing in favor of pseudonymous filing in actions involving such illnesses. *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997). These courts reason that public disclosure would deter civil litigants with mental conditions from "ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public," *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (granting the plaintiff's motion to file pseudonymously in an action related to the plaintiff's severe bipolar disorder),

---

[1] Defendants' reliance on a copyright and RICO case, *Roe*, is unavailing because that case is factually inapposite. While *Roe* involved potentially sensitive material relating to sexual harassment of the plaintiff, the plaintiff's complaint was not against her alleged assailant, the suit would "likely not involve the graphic details of her assault," the plaintiff's name was "already publicly associated with the" harassment incident, and the plaintiff did not claim that public disclosure would cause her mental trauma. *Roe*, 85 F. Supp. 3d at 95–97.

particularly where the litigants have sought to keep the mental conditions at issue confidential. *Provident Life & Acc. Ins.*, 176 F.R.D. at 468. These considerations lend additional weight in favor of pseudonymous filing here, where Plaintiff alleges that he kept his Asperger's Syndrome diagnosis confidential from everyone except his wife for twenty-five years before that diagnosis was allegedly disclosed by an FBI employee to Plaintiff's supervisors. Compl. ¶ 111.

On the other hand, Defendants have not explained why allowing Plaintiff to proceed anonymously would prejudice them or introduce an element of unfairness to the action. In fact, Defendants admit that "there is no inherent risk of significant unfairness . . . if Plaintiff proceeds anonymously." Defs. Opp'n at 4. Defendants perhaps wisely decline to press this point because they have allowed Plaintiff to proceed pseudonymously for the past three years, only lodging their objection when ordered to do so by this Court. *See* Minute Order (July 12, 2018). Moreover, as other courts in this jurisdiction have recognized, "[w]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Chao*, 587 F. Supp. 2d at 99 n.9 (quoting *Yacovelli*, 2004 WL 1144183, at *8) (second alteration in original). *But see Teti*, 2015 WL 6689862, at *3 ("Ultimately, the fact that a defendant is a governmental entity does not alone present more of a reason to allow a plaintiff to file a complaint anonymously. Context matters."). Given the context here, the Court concludes that Defendants' interest in transparency does not outweigh Plaintiff's interest in confidentiality.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that because Plaintiff's privacy interest in proceeding pseudonymously outweighs Defendants' interest in transparency and "the customary and constitutionally-embedded presumption of openness in judicial proceedings,"

*Microsoft Corp.*, 56 F.3d at 1464 (quoting *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981)),

Plaintiff's Motion to File Under a Pseudonym (ECF No. 2) is **GRANTED**.  An order consistent

with this Memorandum Opinion is separately and contemporaneously issued.[2]

Dated:  September 27, 2018                         RUDOLPH CONTRERAS
                                                United States District Judge

---

[2] Of course, should a trial become necessary in this matter, Plaintiff's identity must be revealed during testimony in the courtroom.

9

# PRIORITY MAIL ★

★ DATE OF DELIVERY SPECIFIED *

📶 USPS TRACKING™ INCLUDED *

$ INSURANCE INCLUDED *

📦 PICKUP AVAILABLE
* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE®

EXPECTED DELIVERY DAY: 06/12/19

USPS TRACKING NUMBER



9505 5111 4757 9161 3854 54

RECEIVED

JUN 12 2019

DEBORAH S. HUNT, Clerk

FROM:
Jane Doe
PO Box 230721
GR, MI 49523

TO:
United States Col. of Appeals.
for the 6th Circuit
100 E. Sth St. Rm 540
Potter Stewart US Courthouse
Cincinnati OH 45202-3988

POSTAGE REQUIRED

1004    45202

AMOUNT
$7.35
R2304W119510-17